UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:

    Residential World Development, LLC,     Case No. 24-10793-PRW
                                                                              Chapter 7

                                Debtor.

---

## DECISION AND ORDER
## GRANTING MOTION
## TO VACATE THE AUTOMATIC STAY

PAUL R. WARREN, U.S.B.J.

      On July 24, 2024, Residential World Development, LLC, ("Residential") filed a Chapter 7 petition, *pro se*.[1] (ECF No. 1). On November 16, 2022, long before Residential filed its Chapter 7 petition, Windtree Homeowners Association, Inc. ("Windtree") commenced an action against Residential, and three other non-debtor defendants, in the Texas state courts, alleging "misappropriation of insurance proceeds"—an action sounding in embezzlement. (ECF No. 23 ¶ 11). The parties to the Texas litigation, including Residential, have engaged in significant pre-trial discovery and motion practice before the Texas court. Because of Residential's alleged deficient responses to Windtree's discovery demands, Windtree filed a motion to compel Residential to comply with its discovery demands, which motion was

---

[1] While Residential did eventually retain counsel (ECF No. 15), Residential (a corporation) appeared *pro se* for nearly two months. It is well established that "[a] corporation cannot commence or appear in a proceeding *pro se*." *In re Seneca Mgmt. Partners, LLC.,* 2023 Bankr. LEXIS 1168, at *2 (Bankr. W.D.N.Y. May 2, 2023) (citing *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)); *see also In re Encore Prop. Mgmt.*, 585 B.R. 22, 26 (Bankr. W.D.N.Y. Feb. 16, 2018). This Court routinely dismisses *pro se* cases filed by corporations or partnerships, *sua sponte* and immediately.

scheduled to be heard by the Texas court on July 25, 2024. (*Id.* at ¶ 15). On July 24, 2024, the day prior to the hearing on Windtree's motion to compel, Residential filed a Chapter 7 petition. (ECF No. 1).

Windtree has moved for an order lifting the automatic stay, so that it can proceed with the state court litigation in Texas. (ECF No. 23). Windtree alleges that Residential filed its Chapter 7 petition on the eve of the hearing on Windtree's motion to compel, in an attempt to "thwart [Windtree's] efforts to obtain information about missing or misappropriated insurance proceeds." (*Id.* at ¶ 35). Residential filed opposition to the lift stay motion, arguing that lifting the stay would interfere with Residential's discharge and that the Texas action would be rendered moot by the granting of a discharge to Residential.[2] (ECF No. 28-1). For the reasons that follow, the motion to lift the automatic stay is **GRANTED**.

## I.

## DISCUSSION

### A. There is "Cause" Under § 362(d)(1) of the Code to Lift the Stay and Permit the Texas Litigation to Proceed

"The burden of proof on a motion for relief from stay under section 362(d) is a shifting one." 3 Collier on Bankruptcy ¶ 362.10 (16th ed. 2016). "Section 362(d)(1) requires an initial showing of cause by the movant, while Section 362(g) places the burden of proof on the debtor for all issues other than 'the debtor's equity in property.'" *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1285 (2d Cir. 1990). Section 362(d)(1) permits the Court to terminate the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

---

[2] It is black letter law that a corporation cannot receive a discharge in Chapter 7. 11 U.S.C. § 727(a)(1). Counsel would do well to read the Code, as that exercise may assist Counsel in avoiding embarrassingly frivolous arguments in the future.

2

> Use of the word "cause" suggests an intention that the bases for relief from the stay should be broader than merely lack of adequate protection. Thus, relief might be granted when the court finds that the debtor commenced the case in bad faith. And relief also may be granted when necessary to permit litigation to be concluded in another forum, particularly if the nonbankruptcy suit involves multiple parties or is ready for trial. **Relief may also be granted to permit an embezzlement victim to pursue the embezzled property in the debtor's hands.**

3 Collier on Bankruptcy ¶ 362.07[3][a] (16th ed. 2019) (emphasis added).

The Second Circuit has identified twelve factors for the Court to consider in deciding whether "cause" exists under Section 361(d)(1) to permit litigation in another forum to continue. The so-called *Sonnax* factors are:

(1) whether the relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990). The Second Circuit recognized that not every *Sonnax* factor will be relevant in every case. *See In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999). Courts in the Second Circuit have held that "[o]nly those factors relevant to a particular case need be considered, and the Court need not assign them equal weight." *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994) (citing *In re Anton*, 145 B.R. 767, 770

(Bankr. E.D.N.Y. 1992) (internal citation omitted). Here, the Court finds that *Sonnax* factors 1, 2, 6, 7, 10, 11, 12 are relevant, and each of those factors strongly favor granting stay relief.

### *Factor 1. Relief Would Result in Partial or Complete Resolution of Issues*

This factor weighs heavily *in favor* of granting stay relief. As indicated in the motion, the Texas state court litigation involves not only Residential, but also three other defendants. (ECF No. 23 ¶ 11). Residential is currently the only party not taking part in the state court litigation. (*Id*. at ¶ 29(a)). By granting Windtree's request for stay relief, the Texas state court litigation would be permitted to resume. Resumption of the Texas litigation will not only resolve Windtree's claim, but also Residential's counterclaim against Windtree. As a result, the Texas court will be in a position to completely resolve the issues between all of the parties.

### *Factor 2. Lack of Any Connection with or Interference with the Bankruptcy Case*

This factor also weighs heavily *in favor* of granting stay relief. This is a no-asset Chapter 7 case in which the Trustee has completed her administration. Residential is statutorily not eligible for a discharge. 11 U.S.C. § 727(a)(1). The bankruptcy case will be closed shortly, at which point the automatic stay would dissolve. 11 U.S.C. § 362(c)(2)(A). There is no further bankruptcy purpose to be served by continuation of the automatic stay.

### *Factor 6. The Texas Action Primarily Involves Third Parties*

This factor weighs heavily *in favor* of granting stay relief. Residential is one of four defendants in the Texas state court litigation. (ECF No. 23 ¶ 11). The other three non-debtor defendants are actively participating in the Texas litigation. (*Id*. at ¶ 29(a)). Permitting stay relief would allow Windtree and the other non-debtor defendants to proceed to obtain a final resolution of the Texas litigation.

*Factor 7. Litigation in Another Forum Would Not Prejudice the Interests of Other Creditors*

This factor weighs heavily *in favor* of granting stay relief. The bankruptcy case is effectively a two-party dispute between Residential and Windtree. There are very few other creditors listed in the petition, the dollar amount of their claims are negligible, and this is a no-asset case.

*Factor 10. The Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation*

This factor weighs heavily *in favor* of granting stay relief. The Texas state court litigation has been pending since November 2022. (ECF No. 23 ¶ 11). Significant discovery has been conducted in the Texas action, as well as motion practice. The Texas court is very familiar with the litigation and is actively managing the case. It appears that the case will be ready for trial in early 2025. The Texas court can provide complete relief to all the parties—this Court does not have subject matter jurisdiction to provide complete relief to the parties.

*Factor 11. The Parties are Ready for Trial in the Other Proceeding*

To the extent this factor is relevant, it weighs *in favor* of granting stay relief. The pending state court litigation is currently scheduled for trial in March 2025. (ECF No. 23 ¶ 14). While Residential contends that the parties are not ready for trial because discovery is still being conducted (ECF No. 28-1), lifting the automatic stay would permit the parties to complete discovery, and keep them on track for a trial in early 2025.

*Factor 12. The Impact of the Stay on the Parties and the Balance of Harms*

This final factor also weighs heavily *in favor* of granting stay relief. Residential incorrectly, incoherently, and without citation to any authority, states that "[t]he current case has no assets and would interfere with the discharge of an Unsecured Creditor if allowed to proceed

5

Case 1-24-10793-PRW, Doc 33, Filed 11/21/24, Entered 11/21/24 14:15:51, Description: Main Document , Page 5 of 6

in Texas State Court." (ECF No. 28-1). The plain language of § 727(a)(1) permits only an individual to receive a discharge under Chapter. Residential is not an individual. No discharge will be granted in this case. Here, Windtree is substantially harmed by continuation of the automatic stay, as it deprives Windtree of its day in court. By comparison, there is no harm to Residential by permitting the Texas litigation to proceed, particularly where Residential can press its counterclaim against Windtree.

## II.

## CONCLUSION

Application of the relevant *Sonnax* factors all weigh heavily in favor of lifting the automatic stay so that litigation before the Texas court can proceed. The motion for relief from the automatic stay is **GRANTED** for cause, under § 362(d)(1).

**IT IS SO ORDERED**.

DATED: November 21, 2024 _____/s/_____
      Buffalo, New York          HONORABLE PAUL R. WARREN
                                         United States Bankruptcy Judge